# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1350

_____

United States of America,                    *
                                             *
           Appellee,                         *
                                             *   Appeal from the United States
     v.                                      *   District Court for the
                                             *   Southern District of Iowa.
Juan Jose Vaca-Arceo,                        *
                                             *        [UNPUBLISHED]
           Appellant.                        *

_____

Submitted: January 27, 2006
    Filed: February 8, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

        Juan Jose Vaca-Arceo (Vaca-Arceo) appeals the 50-month sentence the district court[1] imposed upon his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). For reversal, Vaca-Arceo argues the district court erred by sentencing him under mandatory Sentencing Guidelines in violation of United States v. Booker, 125 S. Ct. 738 (2005).

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Vaca-Arceo's failure to object below to the district court's mandatory application of the Guidelines limits this court to a plain-error review. See United States v. Pirani, 406 F.3d 543, 550 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005). While the district court plainly erred in sentencing Vaca-Arceo under a mandatory application of the Guidelines, the error was not prejudicial because Vaca-Arceo was sentenced toward the middle of the calculated Guidelines range and nothing in the record suggests Vaca-Arceo would have received a more lenient sentence under an advisory Guidelines scheme. See United States v. Norman, 427 F.3d 537, 539-40 (8th Cir. 2005) (finding no prejudice where defendant was sentenced in middle of the Guidelines range and there was no other indication in the record that he would have received a more lenient sentence under an advisory Guidelines scheme); Pirani, 406 F.3d at 550, 552-53 (plain-error test).

Accordingly, we affirm.

_____